IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David K. Crenshaw,  Case No. 3:06CV3036

    Plaintiff

v.  ORDER

United States of America,

    Defendant

    This is a § 2255 case in which the petitioner asserts three grounds for relief: 1) denial of his right to appeal when the undersigned at sentencing indicated that he "may have" a right to appeal, and his attorney failed to abide by his subsequent instruction to file a notice of appeal to challenge his sentence; 2) improper sentencing, in that he was sentenced to a five-year mandatory consecutive term following his conviction of 18 U.S.C. § 924(c) [use of a firearm in connection with a drug offense]; and 3) ineffective assistance of counsel - failure to apprise the petitioner of the terms and conditions of his written plea agreement.

    Because there is no merit to any of the petitioner's contentions, the petition shall be denied and dismissed.

    Petitioner was indicted for possession with intent to distribute crack cocaine; possession and use of a firearm in conjunction with a drug offense; felon in possession of a firearm; and possession of a firearm with an obliterated serial number.

    A plea deal was reached, whereby the felon in possession and serial number counts were to be dismissed in exchange for pleas to the drug and firearm-use offenses. The written plea agreement included a waiver of the right to appeal.

When the plea was tendered, the United States Magistrate Judge carefully reviewed the plea agreement and commitments, noting specifically that the defendant was waiving the right to appeal. He acknowledged that fact. (Plea Tr. p. 15). The Assistant United States Attorney noted the waiver in his recitation of the material terms of the written agreement. (*Id*. at 20).

With regard to the factual basis, the petitioner acknowledged the accuracy of the government's description of the finding of the defendant in possession of three packets of crack cocaine and the firearm. The police had responded to a report of a fight in progress. The petitioner acknowledged that the altercation had resulted from a disagreement about a sale of crack cocaine. (Tr. 24). There was, therefore, an adequate factual basis for the plea to the § 924(c) charge.

Because the petitioner had plead lawfully to an offense which was supported by an adequate factual basis, which he acknowledged, his plea was lawful. He cannot now legitimately complain about not understanding the plea or its implications.

What appears to make him do so, at least with regard to the issue of his "right" to appeal and his lawyer's failure to follow his instruction to file a notice of appeal, is, apparently, the advice I gave the petitioner at the conclusion of his sentencing hearing. I told him, as I routinely tell all defendants, that he "may have" a right to appeal. (Sentencing Tr. 15).

My routine cautionary advice that there "may" be a right to appeal cannot, and does not reinstate rights that were waived. *United States v. Fleming*, 239 F.3d 761, 762 (6th Cir. 2001). If I had not given that advice, the petitioner, no doubt, would be complaining that he didn't know he might have had a right to appeal.

In any event the defendant did not have a right to appeal. Thus, even if he told his attorney to file a notice of appeal, that notice would have been dismissed on motion of the government. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

Finally, there was no error in sentencing the petitioner under § 924(c), rather than simply enhancing his base offense level under the Sentencing Guidelines. He was separately charged with the § 924(c) offense, and pled to that separate charge as part of his plea deal – which eliminated the risk of conviction on the other two firearms charges. So it was entirely proper – and in accord with the petitioner's plea bargain – to sentence him under the statute, rather the applying the Guidelines.

**Conclusion**

There is no merit to any of the petitioner's contentions. He received adequate counsel, got the benefit of a plea bargain, and had no right to appeal. It is, therefore,

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

Further, the Court certifies, pursuant to 28U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

So ordered.

s/James G. Carr
James G. Carr
Chief Judge